| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | UNITED STATES DISTRICT COURT |
| 6 | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| RAMON DANIEL VILLALOBOS, | Case No. 1:19-cv-00442-DAD-EPG (PC) |
| Plaintiff, | **SCHEDULING CONFERENCE ORDER** |
| | Amended Complaint Filing Deadline: December 18, 2019 |
| | Motion to Compel Deadline: May 11, 2020 |
| | Status Conference: Date: June 8, 2020<br>Time: 1:30 p.m.<br>Courtroom 10 (EPG) |
| v. | Nonexpert Discovery Cutoff: July 2, 2020 |
| | Dispositive Motion Filing Deadline: September 4, 2020 |
| | Expert Disclosure Deadline: May 7, 2021 |
| | Rebuttal Expert Disclosure: June 11, 2021 |
| | Expert Discovery Cutoff: July 9, 2021 |
| | Settlement Conf.: Not Set |
| ARMENTA TIGGS-BROWN, P.A., | |
| Defendant. | Telephonic Trial Confirmation Hrg: Date: July 26, 2021<br>Time: 1:30 p.m.<br>Courtroom 5 (DAD) |
| | Jury Trial: Date: September 28, 2021<br>Time: 8:30 a.m.<br>Courtroom 5 (DAD) |

1

This Court conducted a scheduling conference on December 4, 2019. Counsel Benjamin Rudin telephonically appeared on behalf of Plaintiff. Counsel Vickie Whitney telephonically appeared on behalf of Defendant. Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

### I. Amended Complaint Filing Deadline

Plaintiff is granted leave to file the revised amended complaint set forth at ECF No. 32-2. Plaintiff shall filed the amended complaint no later than **December 18, 2019**. Defendant's previously filed answer (ECF No. 20) shall serve as the answer to the amended complaint.

### II. General Discovery Procedures

The parties are now granted leave to serve discovery in addition to that provided as part of initial disclosures. No later than **forty-five (45) days** from the date of this order, Plaintiff shall provide Defendant copies of the documents listed in Plaintiff's initial disclosures to the extent such documents are in the possession, custody, or control of Plaintiff and copies can be provided in full or redacted form.

Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

1. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3, or 250.4 (providing that discovery requests shall not be filed unless or until there is a proceeding in which the document or proof of service is at issue). A party may serve on any other party no more than 15 interrogatories, 15 requests for production of documents, and 15 requests for admission. On motion, these limits may be increased for good cause.

2. Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served. Boilerplate objections are disfavored and may be summarily overruled by the Court. Responses to document requests shall include all documents within a party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or

1 | the legal right to obtain the property on demand.

        3. If any party or third party withholds a document on the basis of privilege, that party or third party shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege within **thirty (30) days** after the date that responses are due. **The privilege log shall simultaneously be filed with the Court. Failure to provide and file a privilege log within this time shall result in a waiver of the privilege.** Additionally, **if a party is claiming a right to withhold witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint based on the official information privilege, the withholding party shall submit the withheld witness statements and/or evidence to the Court for *in camera* review, along with an explanation of why the witness statements and/or evidence is privileged**.[1] The witness statements and/or evidence shall be Bates stamped, and mailed to Judge Grosjean at 2500 Tulare Street, Sixth Floor, Fresno, CA 93721. The withholding party shall also file and serve a notice that they have complied with this order. All other claims of privilege, including claims of the official information privilege over information other than witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint, may be challenged via a motion to compel.

///

///

---

[1] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

    The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure . . . ." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (internal citations omitted).

### III. Discovery Cutoffs and Limits

*A. Non-Expert Discovery*

All non-expert discovery shall be completed no later than **July 2, 2020**. The parties are advised that motions to compel must be filed no later than **May 11, 2020**, and any opposition to a motion to compel shall be filed no later than **May 26, 2020**, so that the Court may grant effective relief within the allotted discovery time.

A telephonic status conference has been set for **June 8, 2020, at 1:30 p.m.**, before Magistrate Judge Erica P. Grosjean. The parties are directed to file a joint report, of up to five (5) pages, outlining the status of the case, any additional discovery still planned, potential for settlement, and any other issues pending that would benefit from the Court's assistance/direction. The parties shall file the report one full week prior to the conference, and email a copy, in Word format, to epgorders@caed.uscourts.gov. To appear telephonically, each party shall dial 1 (888) 251-2909 and enter access code 1024453.

*B. Expert Discovery*

Initial expert witness disclosures shall be served no later than **May 7, 2021**. Rebuttal expert witness disclosures shall be served no later than **June 11, 2021**. Such disclosures must **be made pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B) and (C), and shall include all information required thereunder**. In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) specifically apply to discovery relating to expert witnesses and their opinions. Each expert witness must be fully prepared to be examined on all subjects and opinions included in the disclosures. Failure to comply with these requirements will result in the imposition of appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.

All expert discovery shall be completed no later than **July 9, 2021**.

### IV. Pretrial Motion Schedule

*A. General Information Regarding Filing Motions*

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[2] *all* moving and opposition briefs or legal memoranda, including joint statements of

---

[2] Parties may seek leave through a telephonic conference among all parties and the Court, or by short

discovery disputes, filed in civil cases before Magistrate Judge Grosjean, shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limits do not include exhibits. When scheduling motions (other than discovery motions) the parties shall comply with Local Rule 230.

Courtesy copies for any pleading in excess of twenty-five pages (25) (including exhibits) shall be delivered to chambers via US mail, or hand delivery, at the time the pleading is electronically filed. Motions may be removed from the Court's calendar if courtesy copies are not timely delivered.

Counsel or *pro se* parties may appear and argue motions by telephone, provided a request to so do is made to Michelle Rooney, Magistrate Judge Grosjean's Courtroom Deputy (unless prior permission has been given by the judge), no later than five (5) court days before the noticed hearing date. Requests can be made by emailing Ms. Rooney at mrooney@caed.uscourts.gov. If the parties are appearing telephonically, each party shall dial 1 (888) 251-2909 and enter access code 1024453.

### 1. *Informal Discovery Conference*

In order to file a discovery motion pursuant to Fed. R. Civ. P. 37, a party must receive permission from the Court following an informal telephone conference. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue. Before contacting the Court, the parties must meet and confer by speaking with each other in person, over the telephone, or via video in an attempt to resolve the dispute.

Prior to the conference, both parties shall simultaneously submit letters, outlining their respective positions regarding the dispute. The Court will provide the date the letters are due at the time the conference is scheduled. Such letters shall be no longer than three (3) pages single spaced and may include up to five (5) pages of exhibits. Letters shall be emailed to Magistrate Judge Grosjean's chambers at epgorders@caed.uscourts.gov, and *not* filed on the docket.

At the time of conference, the parties shall dial 1 (888) 251-2909 and enter access code

motion.

1024453. Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

### 2. *Deadline for Discovery Motions*

Any motion brought pursuant to Fed. R. Civ. P. 37, after receiving permission from the Court, must be filed no later than **May 11, 2020**; any opposition to the motion must be filed no later than **May 26, 2020**.

## *B. Dispositive Motions*

Dispositive pre-trial motions shall be served and filed no later than **September 4, 2020**. Failure to raise the exhaustion issue by this deadline will result in waiver of the defense. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (providing that the exhaustion question should be decided as early as feasible).

All dispositive motions will be heard by Judge Grosjean, who will issue findings and recommendations to District Judge Drozd. In scheduling such motions, the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

### 1. *Motions for Summary Judgment or Summary Adjudication*

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion. **In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties**. The moving party is responsible for filing the joint statement. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to do so.

## V. **Settlement Conference**

A settlement conference has not been scheduled at this time.

## VI. **Telephonic Trial Confirmation Hearing**

A telephonic trial confirmation hearing is set for **July 26, 2021, at 1:30 p.m.**, in

Courtroom 5, before District Judge Dale A. Drozd. To participate telephonically, the parties must dial into the conference at 877-402-9757, using access code 6966236, at the time of the hearing. Because the Court may be hearing other matters using the same conference line, please wait to state your appearance until your case has been called and appearances are requested. Keep all background noise to a minimum.

The parties are directed to file a joint pretrial statement not less than **fourteen (14) days** prior to the telephonic trial confirmation hearing. In addition to the matters required to be addressed under Local Rule 281, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in Word format to Judge Drozd's chambers at dadorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 281 and 282. This Court will insist upon strict compliance with these rules. At the telephonic trial confirmation hearing, the Court will set deadlines to file motions *in limine*, final witness lists, exhibits, jury instructions, objections, and other trial documents.

### A. *Attendance of Incarcerated Witnesses*

To obtain the attendance of incarcerated witnesses, a party must make a particularized showing as set forth below. Motion(s) for the attendance of incarcerated witnesses, if any, must be filed not less than **sixty (60) days** prior to the telephonic trial confirmation hearing. Opposition(s), if any, must be filed not less than **thirty (30) days** prior to the telephonic trial confirmation hearing. The Court will review and rule on the motion(s) for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the writs necessary to cause those witnesses' custodian(s) to bring the witnesses to court.

///
///
///

*1. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily*

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this Court orders the warden or other custodian to permit the witness to be transported to court. This Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed to voluntarily attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party him or herself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness

8

describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

    2. *Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily*

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

### VII.    <u>Trial Date</u>

A trial is set for **September 28, 2021, at 8:30 a.m.**, in Courtroom 5 (DAD), before District Judge Dale A. Drozd. The parties' attention is directed to this Court's Local Rule 285 for the preparation of trial briefs.

### VIII.    <u>Related Matters Pending</u>

There are no related matters pending before this Court.

### IX.    <u>Compliance with Federal Procedures</u>

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto. The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

### X.    <u>Effect of This Order</u>

This order represents the Court and the parties' best estimated schedule to complete this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this order are considered to be firm and will not be modified absent a***

*showing of good cause, even if a stipulation to modify is filed.* Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, that establish good cause for granting the requested relief. Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **December 4, 2019**         /s/ Eric P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE